# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Smart Construction & Engineering Co. ) | ASBCA No. 59354 |
| ) | |
| Under Contract No. W91B4L-10-P-0959 ) | |

APPEARANCE FOR THE APPELLANT:    Tracey Grooms

APPEARANCES FOR THE GOVERNMENT:    Raymond M. Saunders, Esq.
    Army Chief Trial Attorney
    MAJ Cameron R. Edlefsen, JA
    Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL REGARDING ORDER TO SHOW CAUSE, AND REGARDING GOVERNMENT'S MOTIONS TO DISMISS

## INTRODUCTION

The government has filed motions to dismiss the appeal for lack of standing, and for lack of jurisdiction. Appellant, Smart Construction & Engineering Co. (SCE), opposes the motion to dismiss for lack of standing, but has not responded to the motion to dismiss for lack of jurisdiction. We grant the former motion and dismiss the appeal, without prejudice. We dismiss the motion to dismiss for lack of jurisdiction as moot.

## FINDINGS OF FACT

On 5 June 2014, a "Tracey Grooms" filed with the Board the notice of this appeal. The appeal is from a 4 June 2014 contracting officer's denial of a request for payment of $189,822.08 pursuant to Contract No. W91B4L-10-P-0959 (notice of appeal, attachs. 2-3). The request was accompanied by a "Claim Certification" signed by "Manager, TRACEY GROOMS" (id., attach. 4).

On 17 June 2014, the government moved to dismiss the appeal without prejudice for "lack of standing," citing former Board Rule 26 (now Board Rule 15(a)) regarding the representation of an appellant, contending that Tracey Grooms was not a corporate officer or employee of appellant. We regard the motion as challenging not standing, but whether appellant's representative meets the requirements of Board Rule 15.

Exhibit 2 to the motion is the 17 June 2014 declaration of Fahd A.R. Soufan, who declares under penalty of perjury, under a caption referencing both ASBCA No. 59354 and Contract No. W91B4L-10-P-0959, that he is the Chief Executive Officer and owner of SCE, and that:

> It came to my attention that a former employee, Mr. Tracey Grooms, filed an appeal under Contract No. W91B4L-10-P-0959 with the Armed Services Board of Contract Appeals (Board). When Mr. Grooms was an employee of SCE, Ms. Grooms served as a site or project manager. His duty position required him to win and fulfill contracts only. SCE has not employed Ms. Grooms since August 2010. Mr. Grooms is neither an employee nor an officer of SCE and does not represent SCE in any capacity.[*]

Mr. Soufan also declares that:

> SCE has never filed a claim against the United States Government for the above referenced contract. Moreover, no SCE officer or attorney appears before the Board on this appeal in accordance with ASBCA Rule 26.

On 27 August 2014, the Board received a letter from a Trisan Salem Mohamed, who stated that he is appellant's owner and that he authorized Tracey Grooms to "work with" the Board on the appeal. On 8 September 2014, the Board received another letter from Mr. Mohamed, stating that "Mrs. Tracey Grooms is the corporate officer in this company and she is fully authorized to represent our company in this case, we are submitting this letter according to Rule 15(a)."

On 31 October 2014, the government filed its reply upon its motion to dismiss for lack of standing. Exhibit 7 to the reply is the 7 October 2014 declaration of Tracy Grooms, who declares that he (1) worked for appellant from January 2010 to July 2010; (2) did not create the 5 June 2014 notice of appeal; and (3) did not sign a claim certification. Although the Board ordered that, by 10 December 2014, appellant file a surreply to the government's reply brief that addressed the declaration of Tracy Grooms, appellant has not filed any such surreply nor has it addressed the declaration of Mr. Grooms. We find the uncontested declaration of Mr. Grooms and the declaration of Mr. Soufan credible and not contradicted by any evidence of comparable weight. Those declarations demonstrate, and we so find, that neither Tracey Grooms nor Tracy Grooms is a corporate officer of appellant, and that no

---

[*] The quotation is reproduced verbatim, and without alteration.

person by either name has been employed by appellant since 2010, much less as a corporate officer.

On 17 November 2014, the government filed a motion to dismiss for lack of jurisdiction, contending that the "appealing entity" is not the entity with which it entered the contract. Despite a Board order that appellant respond to that motion, appellant has not done so. Nor has appellant responded to a 15 January 2015 order to show cause why this appeal should not be dismissed with prejudice for failure to prosecute.

## DECISION

We regard Mr. Mohamed's letter stating that "Mrs. Tracey Grooms is the corporate officer in this company and she is fully authorized to represent our company in this case, we are submitting this letter according to Rule 15(a)," as appellant's designation of Tracey Grooms as its representative in this appeal. Because neither Tracey Grooms nor Tracy Grooms is a corporate officer of appellant, and because there is no suggestion that appellant is represented by an attorney, appellant's representative in this appeal does not meet the requirements of Board Rule 15(a) (2014). Consequently, we grant the government's 17 June 2014 motion, and dismiss the appeal, without prejudice to its reinstatement upon entering of appearance by a person authorized under Board Rule 15(a) to represent it in the prosecution of this appeal. In view of this decision, the government's motion to dismiss for lack of jurisdiction is dismissed as moot.

## CONCLUSION

For the reasons stated, the appeal is dismissed, without prejudice.

Dated: 18 June 2015

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

3

I concur                                          I concur

MARK N. STEMPLER                                  RICHARD SHACKLEFORD
Administrative Judge                              Administrative Judge
Acting Chairman                                   Vice Chairman
Armed Services Board                              Armed Services Board
of Contract Appeals                               of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59354, Appeal of Smart Construction & Engineering Co., rendered in conformance with the Board's Charter.

Dated:


JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4